# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PHILLIP WINGENDER, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 15-1400-JWL |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.    Background

Plaintiff applied for DIB and SSI benefits, alleging disability beginning March 14, 2013.  (R. 12, 195).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  He argues that the ALJ erred

in purporting to accord significant weight to the medical opinions of the state agency psychological consultants but rejecting a portion of their opinions without explaining his reason for doing so.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

3

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

## II.   Discussion

Plaintiff points out that Dr. Cohen and Dr. Adams are the state agency

psychological consultants who reviewed the record and opined regarding Plaintiff's

mental impairment, and limitations and abilities, at the initial level and at the

reconsideration level, respectively.  He notes that the ALJ accorded significant weight to

the medical opinions of these psychologists, but he argues that the ALJ did not recognize

that the psychologists distinguished between Plaintiff's ability to concentrate or to focus

on work when in close proximity to others and his ability to interact with coworkers, and

therefore erred because he found Plaintiff could only occasionally interact with coworkers

but did not limit Plaintiff's proximity to coworkers.  (Pl. Br. 16-17) (citing R. 85-86, 105-

06.  Plaintiff argues that the ALJ did not assess a limitation in Plaintiff's ability to work

in close proximity to others as did Drs. Cohen and Adams, and did not address this

limitation or explain why he rejected this portion of the psychologists' opinions, and that

is error requiring remand.  Id. at 17-18 (citing Confere v. Astrue, 235 F. App'x 701, 703-

04 (10th Cir. 2007); Haga v. Astrue, 482, F.3d 1205, 1207 (10th Cir. 2007); and Neil v.

Colvin, Civ. A. No. 12-2334-JWL, 2013 WL 5727391 at *3-4 (D. Kan. Oct. 22, 2013)).

Plaintiff points to record evidence which in his view demonstrates the correctness of Drs.

Cohen's and Adams's distinction between interaction and proximity.  (Pl. Br. 18-21).  He argues that the psychologists' limitation is not encompassed within the ALJ's limitation to occasional interaction because the psychologists explained that their limitation in concentration, persistence, and pace "was related to proximity rather than coordination," and "is necessary to allow [Mr.] Wingender to focus, while the limitation to interaction is to allow co-workers to remain on task."  Id. at 22-23.

The Commissioner responds that it was not error for the ALJ to fail to adopt the state agency psychologists' opinions verbatim, and that the psychologists' ultimate conclusions are in line with the RFC assessed.  (Comm'r Br. 3).  She also notes that the ALJ accorded significant weight to Dr. Cohen's and Dr. Adams's opinions, and argues that Plaintiff cited no "authority to support his assertion that the ALJ's limitation of only occasional interaction with co-workers and no interaction with the general public is in conflict with the psychologists' conclusions."  Id. at 6.  She argues that the cases cited by Plaintiff stand only for the proposition that where there is a conflict between the opinion relied upon and the RFC assessed, the ALJ must articulate his bases for rejecting a portion of the opinions relied upon.  Id. at 6-8.  She cites Smith v. Colvin, 821 F.3d 1264, 1268-69 (10th Cir. 2016) for the proposition that where ALJ arrives at a "similar assessment" to the psychologist's opinion, that is a sufficient articulation "to accommodate the psychologist's opinion."  Id. at 8.  The Commissioner argues that even if the ALJ erred in failing to question the vocational expert regarding proximity with co-workers, the error was harmless because it could not affect the outcome of the case.  Id. at

9.  The court agrees with the Commissioner that the RFC assessed by the ALJ is not in conflict with the opinions of the state agency psychologists, he did not reject part of their opinions, and there was no need to explain further the alleged ambiguity.

### A.      The ALJ's Decision

The object of the court's review in a Social Security case is always the final decision of the Commissioner, which in this case is the decision of the ALJ.  Thus, the place to begin is with what the ALJ actually decided.  As the parties agree, the ALJ considered the medical opinions of the state agency psychological consultants, and accorded them significant weight.  (R. 16, 21).  Moreover, he found that because of Plaintiff's mental impairment "[h]e would be limited to simple, routine, and repetitive tasks with only occasional interaction with co-workers and no interaction with members of the general public."  Id. at 16-17.  He also noted that he had considered the "opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs [(Soc. Sec. Rulings)] 96-2p, 96-5p, 96-6p, and 06-3p."  Id. at 17.  He recognized that Plaintiff alleged symptoms resulting from his mental impairment which affected his ability to "complete tasks, concentrate, and get along with others."  Id.  He specifically noted Plaintiff's testimony with regard to mental symptoms:

> As for his mental symptoms, he admitted those were manageable with treatment (hearing testimony).  This is a significant admission, as manageable symptoms are inconsistent with disability and would not be expected to preclude the claimant's ability to engage in basic work activity.

(R. 17).  He found that although Plaintiff's "ordinary life activities" do not prove ability to engage in substantial gainful activity, his ability to perform them "independently is a strong indication that the claimant retains the capacity to perform the requisite . . . mental tasks that are part of everyday basic work activity."  Id. at 18.  He noted that although Plaintiff's allegations "are not fully credible," they "require a reduction of the residual functional capacity."  Id. at 21.

After the discussions noted above, the ALJ explained his evaluation of Dr. Cohen's and Dr. Adams's opinions:

> The psychological consultants opined the claimant could understand and remember simple instructions and could attend long enough to complete simple tasks.  They opined he would likely work best in a setting that did not involve working in close proximity to others and did not involve providing service to the public.  The undersigned notes that the examiner in Exhibit 6A [(Dr. Adams)] has placed the claimant at Marked in social interactions.  The undersigned has considered this and finds that the claimant is Moderate in this category, which is more congruent with the rest of the opinion, the medical evidence of record, the testimony and the claimant's activities of daily [living], all of which are more fully set out herein.
>
> The undersigned has reviewed these opinions and finds them to be consistent with the medical evidence, generally.  Furthermore, these consultants are qualified by training, licensure, and experience to render opinions in their respective fields.  For these reasons, the consultants' opinions are given significant weight.

(R. 21).

## B.     Analysis

Although the record evidence will bear Plaintiff's understanding regarding the state agency psychologists' distinction between proximity and interaction, it does not

require that understanding.  Moreover, the question for the court is not whether the

evidence supports Plaintiff's argument, but whether the evidence supports the ALJ's

decision.  Lax, 489 F.3d at 1084 ("The possibility of drawing two inconsistent

conclusions from the evidence does not prevent an administrative agency's findings from

being supported by substantial evidence.  We may not displace the agency's choice

between two fairly conflicting views, even though the court would justifiably have made

a different choice had the matter been before it de novo." ); see also, Consolo v. Fed.

Maritime Comm'n, 383 U.S. 607, 620 (1966).

      Here, the ALJ specifically recognized the psychologists' opinion that Plaintiff

"would likely work best in a setting that did not involve working in close proximity to

others," and stated that he gave that opinion significant weight.  Therefore, his limitation

to only occasional interaction with co-workers cannot have been based solely on the

psychologists' opinion that Plaintiff might distract his co-workers.  Moreover, in context

the ALJ's limitation to only occasional interaction would also preclude working in close

proximity to others--as the psychologists expressed it.  "Proximity" alone denotes "being

near or next; closeness."  The American Heritage College Dictionary 1123 (4th ed. 2002).

Therefore, the psychologists' prohibition of close proximity must connote more than

proximity alone.  It connotes the prohibition of a proximity which is more than just being

near or next to a co-worker, such as sharing the same work-space or tools or sharing work

tasks in "close proximity."  This understanding is strengthened by the fact that the

psychologists determined Plaintiff is able to perform work including small products

8

assembler, clerical checker, or electronics worker.  (R. 87-88, 107-08).  Each of these jobs

suggests individual work in a setting which includes co-workers which are nearby, but

with which there is only occasional interaction and little sharing of the same space, tools,

or tasks.  Such closely proximate sharing would violate the ALJ's limitation to only

occasional interaction.  Understood in this framework, the RFC assessed by the ALJ is

not contrary to the opinion of the psychologists and there is no ambiguity which the ALJ

was required to explain.  Plaintiff has shown no error in the decision below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the

fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 14th day of November 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**